JAMES WILDERMAN ET AL.

v.

WILLIAM PITTS.

*Special Contract — Recovery for Sinking Well — Failure to Finish— Pleading—Instructions.*

1.  There can be no recovery under the common counts in assumpsit of the contract price for sinking a well under a special contract, until such contract has been fully performed.

2.  Under a special contract to dig a well, no time being fixed within which to complete the work, it is the duty of the contractor to finish it within a reasonable time.

[Opinion filed January 10, 1889.]

APPEAL from the County Court of St. Clair County; the Hon. JOHN B. HAY, Judge, presiding.

Messrs. J. M. HAMILL and WILLIAM WINKELMANN, for appellants.

Where a special contract has been fully performed, so that nothing remains to be done but to pay the contract price, the

*indebitatus* count will lie, otherwise the count must be special on the contract. 1 Chitty's Pl., *347, *349; Burnham v. Roberts, 70 Ill. 24; Clause v. Bullock Printing Co., 118 Ill. 612; Brand v. Henderson, 107 Ill. 141; Hosmer v. Wilson, 7 Mich. 294; 74 Am. Dec. 716.

Unless a party contracting to do a particular work for so much money, as to dig and finish a well which shall furnish a given quantity of water, or build and complete a house according to given plans and specifications, and the contracting party fails to do so, he can not recover either the contract price for his work or materials, unless the other party takes possession of the subject of contract and applies it to the uses for which it was constructed. Martus v. Houck, 31 Mich. 439; 33 Am. Rep. 409; Jones v. Dermott, 2 Wall. 1; School Trustees v. Bennett, 3 Dutch. 515.

The giving of appellee's first instruction was error, because it was not based on any state of case made by the evidence on either side, nor on any claim made by either plaintiff or defendant, and wholly ignored the terms of the contract as testified to by all the parties and witnesses, and was therefore manifestly misleading. Frantz v. Rose, 89 Ill. 590; Herrick v. Gary, 83 Ill. 85; Bradley v. Parks, 83 Ill. 169; Cushmann v. Cogswell, 86 Ill. 62; King v. Haley, 86 Ill. 106; C. & A. R. R. Co. v. Bragonier, 119 Ill. 51; City of Chicago v. Scholten, 75 Ill. 468; Hassett v. Johnson, 48 Ill. 68.

Appellee's third instruction is manifestly erroneous in that it assumes and finds as a fact that appellants refused to test the capacity of the well, when that question was sharply contested by the evidence in the case. Small v. Brainard, 44 Ill. 355; American Ins. Co. v. Crawford, 89 Ill. 62; Russell v. Minteer, 83 Ill. 150; Bradley v. Coolbaugh, 91 Ill. 148; Coon v. The People, 99 Ill. 368.

Messrs. Turner & Holder, for appellees.

It was not a controverted fact that the well was ever tested. It was admitted by all the parties that the well was never tested. Defendant James Wilderman testifies positively that the defendants had not tested the well.

"In a case where there is no conflict in the testimony, and no room to doubt or hesitate as to a matter of fact in issue, an instruction ought not to assume that it is or may be doubtful. To call upon the jury to decide whether an undisputed fact is or is not proven, is to mislead them by inducing them to suppose that they may find the fact either way, where the evidence warrants but one conclusion." Hauk v. Brownell, 120 Ill. 161.

Should the court think the instructions are to some extent erroneous, yet if all the instructions, considered as a whole, substantially present the law of the case fairly to the jury, and it appears that justice has been done, the judgment will be affirmed. Ritzman v. People, 110 Ill. 362; Stallings v. Board of Trustees, 6 Ill. App. 165.

It is argued that the suit should have been special for breach of contract. The evidence shows that plaintiff fully performed his part of the contract, and the jury so found by their verdict. The true rule, as found in all books of authority, is this: If a party plaintiff prove a special agreement, and the work done and used, but not pursuant to such agreement, he may recover upon the *quantum meruit*. Eggleston v. Buck, 24 Ill. 262; Holmes v. Stummel, 24 Ill. 370; Taylor v. Renn, 79 Ill. 186.

"When suit is brought upon a general *indebitatus assumpsit*, for work and labor, the defendant may defend by showing a special contract, and the plaintiff can not recover unless he shows that though the work was not done as by the contract, that it has been appropriated and enjoyed by the defendant, and in that case the special contract affords the rule for damages, so far as it can be traced and followed, less any amount the defendant may justly recover for injury, for nonperformance of the contract." Holmes v. Stummel, 24 Ill. 370; Fowler v. Deakman, 84 Ill. 130.

It was a question for the jury to determine from the evidence, whether the well was such as the contract called for, and if not, whether the defendants were using it, whether they were damaged for its not being up to the contract, and how much.

Green, P. J.   Appellee brought suit against appellants in the court below, and filed his declaration in assumpsit, containing common counts only.   A plea of non-assumpsit was interposed.   On this issue the cause was tried by a jury who found a verdict for plaintiff for $250.   Defendant's motion for a new trial was overruled.   Judgment was entered on the verdict and this appeal was taken.

Plaintiff below claimed the right to recover under a contract with defendants that they should pay him $250 to finish for them a well that would furnish eight barrels of water a day for two days, defendants to help test the well.

The proof shows that plaintiff did not finish a well of that capacity, nor, in fact, finish a well at all; but when he quit work upon it, in August, 1885, at which time he made the only test ever made, sand would rise in the casing of the well, choke it up and prevent the flow of water, and this sand had to be removed before water could be drawn.   In this condition the well was left by plaintiff, who took away his tools in September, 1885, in the meantime never coming back to resume work or make any further test of the capacity of the well.   He testified that no time was fixed for the completion of the work, and that in October, 1885, he saw one of the defendants and asked about testing the well, and he said there was no hurry, and that in March, 1886, he took his tools to the place of defendants, as he testifies, to test the well, and defendants refused him permission, because they claimed his time was out.   It nowhere appears plaintiff offered to complete this well, which, by his own admission and the testimony of other witnesses, was not in a condition to furnish water, but offered merely to test an unfinished well; nor was any sufficient reason given by plaintiff why he did not, within a reasonable time, finish the well.   This was his first duty, and to be performed within a reasonable time, if no specific time was fixed by the contract.   Until he performed this condition he could not rightfully demand that the capacity should be tested.   No impediment preventing him from completing the well existed, from the early part of August, 1885, up to some time in September, when he took his tools away

to bore a well at the school house, nor from the time he finished there until the latter part of October; in short, plaintiff evinced no willingness, nor made any effort, within a reasonable time after making the contract, to finish a well as he had agreed. We shall not enlarge upon the fact that the well, as shown by the only test made, had not the capacity required by the terms of the special contract, inasmuch as what has already been said, renders further comment on the facts unnecessary.

It is only in a case where a special contract has been fully performed so that nothing remains to be done but to pay the contract price that a recovery of such contract price can be had under the common counts in assumpsit. The contract between appellee and appellants was special. The proof shows appellee did not fully perform it on his part, and that the unfinished well was not accepted or used by appellants; hence, plaintiff was not entitled to recover under the declaration in this case. It was error, also, to give the first and third instructions given to the jury on behalf of plaintiff. They were calculated to mislead the jury and should have been modified or refused. The judgment of the County Court is reversed and cause remanded.

*Reversed and remanded.*